IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| DIMITRIC CEASAR,<br><br>  Plaintiff<br><br> vs.<br><br>D. VARNER, CHIEF GRIEVANCE OFFICER PA DOC - CENTRAL OFFICE; KERRI MOORE, ASST. CHIEF GRIEVANCE OFFICER PA DOC - CENTRAL OFFICE; T. BIEL, FICILITY GRIEVANCE COORDINATOR - PA DOC - SCI FOREST; LT. T. STEED, CO III - PA DOC - SCI FOREST; D. OBERLANDER, SUPERINTENDENT - PA DOC - SCI FOREST; M. BLICHA, MAJOR OF UNIT MANAGEMENT - PA DOC - SCI FOREST; R. ADAMS, DSCS - PA DOC - SCI FOREST; E. MONGELLUZZO, DSFM - PA DOC - SCI FOREST; I. GUSTAFSON, CCPM, PRC - PA DOC - SCI FOREST; L. FISCUS, HEARING EXAMINER; AND J. BOUGHNER, CO I - PA DOC - SCI FOREST,<br><br>  Defendants | 1:21-CV-00323-RAL<br><br>RICHARD A. LANZILLO<br>Chief United States Magistrate Judge<br><br>MEMORANDUM OPINION ON DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT<br><br>ECF NO. 39 |

## I.     Introduction and Procedural History

Plaintiff Dimitric Ceasar ("Ceasar"), an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), commenced this *pro se* civil rights action against eleven individuals employed at the DOC's State Correctional Institution at Forest ("SCI-Forest"), where he was previously incarcerated. ECF No. 8. Ceasar's original Complaint asserted violations of his Eighth and Fourteenth Amendment rights based on allegations that prison officials had housed him in an unclean cell with an inmate with whom he had a prior physical

altercation. The Court granted the Defendants' motion to dismiss all claims of the Complaint. *See Ceasar v. Varner*, 2022 WL 9491877, at *7 (W.D. Pa. Oct. 14, 2022). The Court dismissed Ceasar's Fourteenth Amendment claims with prejudice but granted Ceasar leave to file an amended complaint as to his Eighth Amendment claims. *Id.* Ceasar filed an Amended Complaint asserting claims essentially identical to those of his original Complaint against nine of the Defendants.[1] *See* ECF No. 29. The Defendants have moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6). ECF No. 39. Ceasar has filed a response to the motion. ECF No. 43. The matter is ripe for disposition. For the reasons discussed below, the Court will grant Defendants' motion and will dismiss Ceasar's Amended Complaint with prejudice.[2]

## II.   Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). The "court[] generally consider[s] only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim" when considering the motion to dismiss. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997)).

---

[1] These nine Defendants are Chief Grievance Officer D. Varner and Assistant Chief Grievance Officer Kerri Moore of the DOC central office; and SCI-Forest Facility's Grievance Coordinator T. Biel; Superintendent D. Oberlander; Major of Unit Management M. Blicha; DSCS R. Adams; CCPM and PRC I. Gustafson; and Corrections Officer ("CO") Lt. T. Steed (collectively, "Defendants"). Shortly after filing his Amended Complaint, Ceasar filed a "brief in support" of the Amended Complaint (ECF No. 30), which the Court construes as a supplemental pleading.

[2] The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

In making its determination under Rule 12(b)(6), the court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Furthermore, a complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional Rule 12(b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41, 78 (1957)).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *See Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as explained in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555; *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Put another way, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

Finally, because Ceasar is proceeding *pro se*, his Amended Complaint will be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read the *pro se* pleading to state a claim upon which relief can be granted, it will do so despite his failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969).

### III.  Factual Allegations

The following factual allegations of the Amended Complaint are accepted as true for purposes of Defendants' motion to dismiss.[3]

On November 29, 2020, Ceasar was escorted to the Restricted Housing Unit ("RHU") after receiving a misconduct for fighting with another inmate. Hearing Examiner Fiscus presided over his misconduct hearing. She found him guilty and sentenced him to sixty days in the RHU. After a few days in a single cell, Ceasar was moved to a different cell because of bed limitations. Upon arrival at his new cell, he recognized his cellmate as the inmate with whom he had been found guilty of fighting. He "immediately notified multiple staff members about the conflict of safety and requested to be relocated expeditiously." ECF No. 29. (cleaned up). His request was denied. He remained housed with this other inmate until January 11, 2021, when he was moved to a different cell for the last thirteen days of his RHU sentence.

---

[3] These allegations are materially identical to the facts pled in the Complaint (ECF No. 8). ECF No. 27, pp. 2-3.

4

### IV. Discussion

The Amended Complaint re-asserts essentially the same Eighth and Fourteenth Amendment conditions of confinement and failure to protect claims that Ceasar alleged in his original Complaint. Because the Court's prior Memorandum Opinion and Order dismissed the Fourteenth Amendment claims with prejudice, *see Ceasar*, 2022 WL 9491877, at *8, the Court need only address the Eighth Amendment claims. Defendants assert multiple grounds for dismissal of these claims. Because the facts alleged in the Amended Complaint fail to support the essential elements of an Eighth Amendment claim, the Court need not reach Defendants' other arguments.

#### A. The Amended Complaint fails to state an Eighth Amendment violation.

The Eighth Amendment imposes a duty on prison officials to "protect prisoners from violence at the hands of other prisoners." *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). To state a "failure to protect" claim, the inmate must allege facts to support three findings. *See Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012). First, the allegations must support a plausible inference that the inmate was incarcerated under conditions posing a substantial risk of serious harm. *See id.* Second, the inmate must show that the prison official knew of and disregarded an excessive risk to inmate health and safety. *Hill v. Patrick*, 2008 WL 1752692, at *2 (W.D. Pa. 2008). "'[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (quoting *Beers-Captiol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001)). Third, the inmate's allegations must support a finding that the prison official's deliberate indifference caused the inmate to suffer harm. *See Bistrian*, 696 F.3d at 367.

Ceasar's factual allegations remain insufficient to support that any Defendant failed to protect him from a substantial risk of serious harm. Ceasar's placement in an RHU cell and general population unit with the inmate with whom he had been found guilty of fighting did not of itself "pose a substantial risk of serious harm" to him. *Id. See also Ceasar*, 2022 WL 9491877, at *4-6. And the Amended Complaint does not allege any other facts to support a plausible inference that Ceasar faced such a risk, that any Defendant knew that his living conditions posed such a risk, or that any Defendant was personally involved in failing to protect him from such a risk. To prevail on a claim pursuant to 42 U.S.C. § 1983, a plaintiff "must show that *each and every* defendant was 'personal[ly] involve[d]' in depriving him of his rights." *Kirk v. Roan*, 2006 WL 2645154, at *3 (M.D. Pa. 2006) (emphasis added) (quoting *Evancho v. Fischer*, 423 F.3d 347, 353 (3d Cir. 2006)) (emphasis added). This means that each defendant must have played an "affirmative part" in the complained-of misconduct. *Iqbal*, 556 U.S. at 677 ("In a § 1983 suit ... [a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); *Oliver v. Beard*, 358 Fed. Appx. 297, 300 (3d Cir. 2009). Allegations that broadly implicate multiple defendants without delineating individual conduct are legally insufficient. *See Van Tassel v. Piccione*, 608 Fed. Appx. 66, 69-70 (3d Cir. 2015). Absent specific allegations that a defendant helped deprive the plaintiff of a constitutional right, dismissal of the claim is appropriate. *See e.g., Mearin v. Swartz*, 951 F. Supp. 2d 776, 781-82 (W.D. Pa. 2013) (dismissing claims pursuant to Rule 12(b)(6) because the plaintiffs had failed to set forth sufficient facts to establish that certain defendants had played an affirmative part in the alleged Eighth Amendment violation). Finally, the Amended Complaint is also devoid of allegations to support that Ceasar suffered any harm

because of his cell assignment or unit living conditions. Because the Amended Complaint fails to support these essential elements, Ceasar's failure to protect claim must be dismissed.

Ceasar's conditions of confinement claim fares no better. The Eighth Amendment's prohibition of cruel and unusual punishment imposes constitutional limitations and requirements on a prisoner's conditions of confinement. *See Rhondes v. Chapman*, 452 U.S. 337 (1981); *Graham v. Connor*, 490 U.S. 386 (1989); *Wilson V. Seiter*, 501 U.S. 294 (1991). Whether such conditions violate the Constitution turns on objective and subjective considerations. Specifically, to state a claim, the facts alleged must support inferences that: (1) the inmate suffered a deprivation that was "objectively, sufficiently serious," and (2) the prison official "had a sufficiently culpable state of mind." *Beers*-Capitol, 256 F.3d at 125 (quoting *Farmer*, 511 U.S. at 834 (1994) (quotation marks and citations omitted).

Like those of the original Complaint, the allegations of the Amended Complaint fail to describe a "denial of the minimal civilized measure of life's necessities" that resulted from sharing a cell with the other inmate. *Farmer*, 511 U.S. at 834. Ceasar avers that he was in a "life threatening condition," but the facts alleged do not support such a finding. Thus, the Amended Complaint also fails to state a conditions-of-confinement claim against any Defendant.[4]

## V.    Leave to Amend

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment unless an amendment would be

---

[4] Ceasar's allegations also fail to support the elements of a state law negligence claim. *See Green v. Burkhart*, 2016 WL 11478176, at *11 (W.D. Pa. Aug. 11, 2016), *report and recommendation adopted*, 2016 WL 5387653 (W.D. Pa. Sept. 27, 2016) (citations omitted) ("In order to state a claim of negligence under state law, a plaintiff must demonstrate that a 'defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff, and the plaintiff suffered an actual loss or damage.'").

7

inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). And though "the grant or denial of an opportunity to amend is within the discretion of the District Court," it may not "outright refus[e] to grant the leave without any justifying reason appearing for the denial." *Id.* These instructions are equally applicable to *pro se* litigants and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). Because Ceasar's Amended Complaint alleged essentially the same facts and claims of his original Complaint and failed to cure any of the deficiencies of the original Complaint, further amendment would be futile. Accordingly, the Court will dismiss the Amended Complaint with prejudice.

VI. **Conclusion**

For the foregoing reasons, Defendants' motion to dismiss the Amended Complaint will be GRANTED, and Ceasar's Amended Complaint will be dismissed with prejudice. A separate order will follow.

DATED this 19th day of September, 2023.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE